UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RYAN FILBERT, )
)
    Plaintiff, )
)
vs. ) Case No. 4:10CV1189 JCH
)
JOSEPH T. RYERSON & SON, INC., )
)
    Defendant. )

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Remand ("Motion"), filed August 5, 2010. (Doc. No. 12). This matter is fully briefed and ready for disposition.

## **BACKGROUND**

Plaintiff, a resident of Missouri, originally brought this action in the Circuit Court of the City of St. Louis, Missouri, on September 1, 2009. (Notice of Removal, Doc. No. 1, ¶ 2). On January 13, 2010, Defendant Joseph T. Ryerson & Son, Inc. ("Defendant") was served with Plaintiff's First Amended Petition ("Amended Petition" or "Amd. Pet."), wherein Plaintiff asserted claims against (1) Defendant, a Delaware corporation with its principal place of business in the State of Illinois, and (2) Mitchell Goeke ("Goeke"), a resident of Missouri. (Id., ¶ 2; Amd. Pet., ¶¶ 2, 4). On February 25, 2010, Plaintiff stipulated to the dismissal of Goeke from this case. (Doc. No. 1-3).

In his Amended Petition, Plaintiff alleges that he sustained a serious injury to his left hand while operating a Wysong Slip Power Roller Model D-60 ("Power Roller") that Defendant sold and/or distributed and placed into the stream of commerce. (Pet., ¶¶ 5-11). Plaintiff asserts claims against Defendant for strict liability (Count I), breach of implied warranty of merchantability (Count

II), and negligence *per se* (Count III).[1]  For each claim asserted against Defendant, Plaintiff seeks "a judgment in his favor and against Defendant <u>in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00)</u>, for punitive or exemplary damages, pre [sic] and post-judgment interest, together with costs, attorneys' fees [.]"  (Amd. Pet., pp. 4, 6-8) (emphasis added).

On June 4, 2010, Defendant's counsel received a copy of Plaintiff's responses to Defendant's First Set of Interrogatories and First Request for Production.  (Notice of Removal, ¶ 7).  On July 6, 2010, Defendant removed this action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, claiming diversity jurisdiction.  (<u>Id.</u>, ¶ 8).

## LEGAL STANDARD

"It is well settled that on a Motion to Remand, the burden of establishing federal subject jurisdiction lies with the removing party."  <u>Rolwing v. NRM Corp.</u>, 2005 WL 1828813, at *2 (E.D. Mo. Aug. 2, 2005), citing *In re* <u>Business Men's Assur. Co. of America</u>, 992 F.2d 181, 183 (8th Cir. 1991).  The amount in controversy requirement of diversity jurisdiction is strictly construed, and all doubts concerning federal jurisdiction are resolved in favor of remand.  <u>Id.</u> (citations omitted).

## DISCUSSION

The sole point of contention between the parties is whether Defendant filed a timely Notice of Removal based on diversity jurisdiction.  Section 1446(b) provides that, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ."  28 U.S.C. § 1446(b).

---

[1]The Court will not address Counts IV and V of Plaintiff's Amended Complaint because Goeke was dismissed from this action.

Pursuant to 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). "Complete diversity of citizenship exists where no different holds citizenship in the same state where any plaintiff holds citizenship." In re Prempro Products Liability Litigation, 591 F.3d 613, 620 (8th Cir. 2010) (quoting OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 347 (8th Cir. 2007)). The parties do not dispute the fact that complete diversity exists between them. As stated above, Plaintiff is a citizen of Missouri, and Defendant is a citizen of Delaware and Illinois, being incorporated in Delaware and having its principal place of business in Illinois. See 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business[.]").

Here, Plaintiff contends that Defendant knew or should have known that this case was removable when the non-diverse defendant Goeke was dismissed from this action on February 25, 2010. (Motion, pp. 1-2). Plaintiff argues that Defendant "knew or should have known on February 25th, 2010 that the amount in controversy exceeded the threshold amount of $75,000 given the allegations of both actual and punitive damages, the nature of the injury, and the nature of the Power Roller that caused the injury." (Id., p. 2).

In its Notice of Removal filed on July 6, 2010, Defendant claims that it did not become aware that the amount in controversy in this case exceeded $75,000 until after it reviewed Plaintiff's June 4, 2010 discovery responses, which included "black and white photocopies of plaintiff's left hand [that] show[ed] that plaintiff's index and middle fingers had to be amputated entirely, and [that] parts of his ring finger and his thumb also had to amputated[.]" (Notice of Removal, ¶ 7). Defendant does not identify the exact date upon which it actually reviewed the photocopies of Plaintiff's injuries.

- 3 -

Rather, in its Notice of Removal, Ry Defendant simply declares, "[I]t is now clear that the matter in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interests and costs." (Id.).

In his Amended Petition, Plaintiff asserts three separate claims, strict liability(Count I), breach of implied warranty of merchantability (Count II), and negligence *per se* (Count III), against Defendant. For each claim, Plaintiff seeks "an amount in excess of Twenty-Five Thousand ($25,000.00), for punitive or exemplary damages, pre and post-judgment interest, together with costs, attorneys' fees and for such other relief as the Court may deem just and proper under the circumstances." (Amd. Pet., pp. 4, 6-7). Thus, it was apparent when Defendant received Plaintiff's Amended Petition on January 13, 2010 that the total amount in controversy exceeded $75,000. Furthermore, Defendant should have known that this action invoked federal diversity jurisdiction under 28 U.S.C. § 1332(a) on February 25, 2010 when the non-diverse defendant Goeke was dismissed from this case, thereby creating complete diversity between Plaintiff and Defendant. Because Defendant filed its Notice of Removal on July 6, 2010, more than thirty days after Defendant could have ascertained that this action was removable, the Court concludes that Defendant's Notice of Removal was untimely.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand (Doc. No. 12) is **GRANTED**.

**IT IS HEREBY FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri.  An appropriate Order of Remand will accompany this order.


Dated this 13th day of September, 2010.


                                       /s/ Jean C. Hamilton
                                       UNITED STATES DISTRICT JUDGE