UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RYAN FILBERT, )
 )
    Plaintiff, )
 )
vs. ) Case No. 4:10CV1189 JCH
 )
JOSEPH T. RYERSON & SON, INC., )
 )
    Defendant. )

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Reconsider and Vacate the September 13, 2010 Order Granting Plaintiff's Motion for Remand and Order of Remand ("Motion"), filed September 13, 2010. (Doc. No. 17).

In his First Amended Petition, Plaintiff alleges that he sustained a serious injury to his left hand while operating a Wysong Slip Power Roller Model D-60 ( the "Power Roller") that Defendant sold and/or distributed and placed into the stream of Commerce. (First Amended Petition ("FAP"), ¶¶ 5-11). In the September 13, 2010 Memorandum and Order, the Court noted that, "[f]or each [of his three] claims, [Plaintiff] seeks 'an amount in excess of Twenty-Five Thousand ($25,000.00), for punitive damages or exemplary damages, pre and post-judgment interest, together with costs, attorneys' fees and for such other relief as the Court may deem just and proper under the circumstances.'" (Doc. No. 17, p. 4). The Court then determined that the amount in controversy in this case exceeded $75,000, and that Defendant could have ascertained that this action was removable on February 26, 2010 when the non-diverse defendant Mitchell Goeke was dismissed. As such, the Court determined that Defendant's Notice of Removal was untimely under 28 U.S.C. § 1446(b).

Upon further review, the Court notes that, because each of Plaintiff's four claims–strict liability, breach of warranty of merchantability, negligence and negligence *per se*–"are simply alternative theories seeking relief for the same injury [to his left hand]," Plaintiff "is not entitled to a separate compensatory damage award under each legal theory." Diversified Graphics, Ltd. v. Groves, 868 F.2d 293, 295 (8th Cir. 1989) (citing Washburn v. Kansas City Life Ins. Co., 831 F.2d 1404, 1410-11 (8th Cir. 1987) and quoting Greenwood Ranches, Inc. v. Skie Constr. Co., Inc., 629 F.2d 518, 521 (8th Cir. 1980)). "On the contrary, [Plaintiff] "'is entitled only to one compensatory damage award if found on any or all of the theories involved.'" Diversified Graphics, 868 F.2d at 295. Based on the foregoing, the Court finds that Defendant could not have ascertained that this action was removable on February 25, 2010 when the non-diverse defendant Mitchell Goeke was dismissed.

Plaintiff argues that, even assuming that the Court cannot aggregate the $25,000 damages listed in his Amended Petition, Defendant still could have ascertained that this case was removable on February 25, 2010 "[g]iven the size and nature of the power roller at issue, and the fact that a human hand was smashed in-between [sic] the rollers[.]" (Doc. No. 21, at 4). However, in his First Amended Petition, Plaintiff only alleges that "his left had went into the machine[,]" and that his left hand was severely and/or seriously injured. (FAP, ¶¶ 6, 11, 18, 27, 39, 49-50).

Additionally, Plaintiff claims that Defendant could have ascertained that this action was removable on February 25, 2010 because Plaintiff seeks punitive damages in his Amended Petition. (Doc. No. 25, p. 5; FAP, pp. 4, 6-7, 9). The Eighth Circuit explains that, "when determining the amount in controversy, a claim for punitive damages is to be given closer scrutiny, and the trial judge accorded greater discretion, than a claim for actual damages." Larkin v. Brown, 41 F.3d 387, 389

(8th Cir. 1994). "[T]he 'existence of [punitive damages] must be supported by competent proof." Larkin, 41 F.3d at 389-90 (citation omitted).

In Missouri, punitive damages are allowed for strict liability actions "only if there is clear and convincing evidence that defendants 'placed in commerce an unreasonably dangerous product with actual knowledge of the product's defect.'" Peters v. Gen. Motors Corp., 200 S.W.3d 1, 24 (Mo. Ct. App. 2006) (citation omitted). Likewise, "[i]n a negligence case, punitive damages are awarded only if, at the time of the negligent act, the defendant knew or had reason to know that there was a high degree of probability that the action would result in injury." Smith v. Brown & Williamson Tobacco Corp., 275 S.W.3d 748, 812 (Mo. Ct. App. 2008) (citation omitted). "[T]he evidence must show that, at the time of the act complained of, the defendant had knowledge of a high degree of probability of injury to a specific class of persons." Id. (citing Alack v. Vic Tanny Int'l Mo., Inc., 923 S.W.2d 330, 339 (Mo. 1996) (en banc)).

As stated above, Plaintiff asserts tort claims for strict liability (Count I), negligence (Count III), and negligence *per se* (Count IV) as well as a claim for breach of implied warranty of merchantability (Count II). With respect to his strict liability claim, Plaintiff alleges that the Power Roller was an unreasonably dangerous product that Defendant placed into commerce with actual knowledge that the product's lack of safety guards. (FAP, ¶¶ 15, 18-19). With respect to his negligence claims, Plaintiff alleges that, "[a]t the time the Power Roller was sold, [Defendant] knew of the defective and dangerous conditions of the Power Roller[, that Defendant] knew or had information from which [it] should have known that the Power Roller's condition created a high degree of probability of injury[, and that Defendant acted with] complete indifference to or conscious disregard for the safety of the Plaintiff and others[.]" (FAP, ¶¶ 29-31, 40-42). Based on the allegations set forth in Plaintiff's Amended Complaint, the Court finds that Plaintiff has alleged

sufficient facts to support punitive damages at this early stage of this litigation. However, the Court notes that Plaintiff seeks an unspecified amount of damages "in excess of Twenty-Five Thousand Dollars ($25,000), for punitive or exemplary damages[.]" (FAP, pp. 4, 7, 9).

Based on the foregoing, the Court concludes that Defendant could not have ascertained from the allegations set forth in Plaintiff's First Amended Complaint that this case was removable on February 25, 2010, and the Court refuses to inquire into whether Defendant had subjectively knowledge of Plaintiff's alleged damages. See In re Willis, 228 F.3d 896 (8th Cir. 2000) ("the thirty-day time limit of section 1446(b) begins running when the complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount. This rule 'promotes certainty and judicial efficiency by not requiring courts to inquire into the what a particular defendant may or may not subjectively know.'") (internal citations omitted). See also Metzger v. Wal-Mart Stores, Inc., No. 4:07 CV 1024-DDN, 2007 WL 2454121, *2 (E.D. Mo. Aug. 23, 2007) (citing Willis, 228 F.3d at 897, and holding that "Plaintiff's initial pleading failed to affirmatively disclose that plaintiff was seeking damages in excess of $75,000. [As such,] the thirty-day removal period was triggered by the plaintiff's [subsequent $111,000] settlement demand letter.").

Additionally, the Court finds that Plaintiff's Notice of Removal was timely under § 1446(b), which provides that "a notice of removal may be filed within thirty days after receipt by defendant, through service or otherwise, of a copy of an amended pleading, motion, order, <u>or other paper from which it may be first ascertained that the case is one which is or has become removable</u> . . . ." 28 U.S.C. § 1446(b) (emphasis added).

Here, the Court finds that the first date upon which Defendant could have ascertained that this case was removable was June 4, 2010. As stated above, dismissing the non-diverse party Mitchell Goeke on February 25, 2010 did not trigger the thirty-day period. Although complete diversity

existed between Plaintiff and Defendant on that date, the fact remained that Plaintiff only sought damages in excess of $25,000. Then, on June 4, 2010, Defendant received Plaintiff's discovery responses which included "black and white photocopies of plaintiff's left hand [that] show[ed] plaintiff's index and middle fingers had to be amputated entirely, and parts of his ring finger and his thumb also had to be amputated." (Doc. No. 1, pp. 2-3; Doc. No. 1-10, pp. 4-5; Doc. No. 20, pp. 5-6). The Court believes that Defendant could have first ascertained that this action was removable on June 4, 2010 when Defendant received Plaintiff's discovery responses, and such date triggered the thirty-day limit.

Here, because the thirty-day period ended on Sunday, July 4, 2010, and the next day, July 5, 2010, was a legal holiday, Defendant filed a timely Notice of Removal on July 6, 2010. See Fed.R.Civ.P. 6(a)(1)(C) ("include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to the end of the next day that is not a Saturday, Sunday, or legal holiday.").

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Reconsider and Vacate the September 13, 2010 Order Granting Plaintiff's Motion for Remand and Order of Remand (Doc. No. 127) is **GRANTED**.

**IT IS HEREBY FURTHER ORDERED** that the Memorandum and Order dated September 13, 2010 (Doc. No. 17) and the Order of Remand (Doc. No. 18) are **VACATED**.

Dated this 15th day of November, 2010.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE