UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RYAN FILBERT, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:10CV1189 JCH |
| ) | |
| JOSEPH T. RYERSON & SON, INC., ) | |
| ) | |
| Defendant(s). ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's *Daubert* Motion in Limine Regarding Edward Karnes, filed March 21, 2012. ("Motion in Limine," ECF No. 71). The motion is fully briefed and ready for disposition.

## **BACKGROUND**

On August 23, 2008, Plaintiff was injured at the Lyon Sheet Metal Works ("Lyon") factory while operating a Wysong Slip Power Roller machine ("Power Roller"). (Third Amended Complaint ("Complaint"), ECF No. 63, ¶¶ 4, 11). At the time of the accident, Plaintiff was employed as a laborer and sheet metal worker by Lyon. (Id., ¶ 10). The control panel for the Power Roller contained three buttons: the top button was black and had a sign with the word "forward" mounted above it, the center button was black and had a sign with the word "reverse" mounted above it, and the bottom button was red and had a sign with the word "stop" mounted above it. (Motion in Limine, ¶ 13). Plaintiff was holding a piece of metal in the Power Roller with his left hand and attempted to press the "forward" button on the machine with his right hand. (Complaint, ¶ 12). Plaintiff inadvertently pressed the "reverse" button, causing Plaintiff's left hand to enter the Power

Roller's rollers. (Id.). The Power Roller crushed Plaintiff's hand, requiring the amputation of portions of Plaintiff's hand. (Id.).

Lyon had purchased the Power Roller from Defendant in 1968. (Motion in Limine, ¶ 2). Defendant was engaged in the business of selling metal-forming machinery and metalworking equipment. (Complaint, ¶ 3).

Plaintiff filed his First Amended Petition against Defendant on January 11, 2010, in the Circuit Court of the City of St. Louis, State of Missouri. Defendant removed this action to this Court on July 6, 2010. Plaintiff filed his three-count Third Amended Complaint on January 13, 2012. Count I alleges strict liability for failure to warn, Count II alleges strict liability for design defect, and Count III alleges breach of the implied warranty of merchantability. According to Plaintiff, the Power Roller was improperly manufactured and designed in that it was not equipped with proper machine operation controls adequately allowing workers to operate the machine. (Id., ¶ 14).

In support of his claims, Plaintiff seeks to introduce the testimony of expert witness Edward Karnes, Ph.D. If permitted, Karnes will testify that the Power Roller "was defective from a human factors design standpoint in failing to provide design accommodations that would prevent inadvertent and unintentional control activation." (Motion in Limine, ¶ 21, citing Ex. 9, Rule 26 report for Edward Karnes). If permitted, Karnes will also testify as to ways that the control configuration could be redesigned to reduce the likelihood of an error in activating a control button. In their Motion in Limine, Defendant maintains all of Karnes's opinions are inadmissible under both the Federal Rules of Evidence and the Supreme Court's ruling in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

# **DISCUSSION**

Under Eighth Circuit law, "[d]ecisions concerning the admission of expert testimony lie within the broad discretion of the trial court." Anderson v. Raymond Corp., 340 F.3d 520, 523 (8th Cir. 2003) (internal quotations and citation omitted). As a preliminary matter, "'[t]he proponent of the expert testimony must prove its admissibility by a preponderance of the evidence.'" Sappington v. Skyjack Inc., 446 F.Supp.2d 1059, 1061 (W.D. Mo. 2006) (quoting Lauzon v. Senco Prods., Inc., 270 F.3d 681, 686 (8th Cir. 2001)). The starting point for analyzing expert testimony is Federal Rule of Evidence 702, which provides in relevant part as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

Id.

Pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., the seminal case regarding expert opinion testimony, "district courts are to perform a 'gatekeeping' function and insure that proffered expert testimony is both relevant and reliable." Dancy v. Hyster Co., 127 F.3d 649, 652 (8th Cir. 1997) (citations omitted), cert. denied, 523 U.S. 1004 (1998); see also Daubert, 509 U.S. at 592-93.

> Daubert provides a number of nonexclusive factors a court can apply in performing this role: 1) whether the theory or technique can be (and has been) tested; 2) whether the theory or technique has been subjected to peer review and publication; 3) the known or potential rate of error; and 4) whether the theory has been generally accepted....Daubert's progeny provides additional factors such as: whether the expertise was developed for litigation or naturally flowed from the expert's research; whether the proposed expert ruled out other alternative explanations; and whether the proposed expert sufficiently connected the proposed testimony with the facts of the case.

Sappington, 446 F.Supp.2d at 1062 (quoting Lauzon, 270 F.3d at 686-87 (internal quotations and citations omitted)).

As stated above, if permitted, Karnes would testify that the control panel of the Power Roller was unreasonably dangerous because it was improperly designed. Defendant maintains that Karnes's expert opinion is inadmissible, as Karnes's testimony constitutes common knowledge and lacks sufficient factual and scientific support. Defendant repeatedly emphasizes that Karnes testified during his deposition that determining what constitutes an "unreasonable danger" is "strictly a judgment call." (See Defendant's Reply Memorandum of Law to Plaintiff's Response to Defendant's *Daubert* Motion in Limine Regarding Edward Karnes ("Defendant's Reply"), ECF No. 74, p. 1, citing Exhibit Karnes-1, p. 22, lines 13-22).

Under Eighth Circuit law, "'[a]s a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination.'" Nebraska Plastics, Inc. v. Holland Colors Americas, Inc., 408 F.3d 410, 416 (8th Cir. 2005) (quoting Hartley v. Dillard's, Inc., 310 F.3d 1054, 1061 (8th Cir. 2002) (citation omitted)). The expert's opinion thus should be excluded only when it is "so fundamentally unreliable that it can offer no assistance to the jury." Harrington v. Sunbeam Products, Inc., No. 4:07-CV-1957, 2009 WL 701994 at *4 (E.D. Mo. Mar. 13, 2009) (internal quotations and citation omitted).

Upon consideration, the Court will allow Karnes to offer his opinion regarding the design of the control panel. As an initial matter, the Court finds that many expert opinions offered by expert witnesses in federal litigation necessarily constitute "judgment calls" based on the facts of a particular case and the expert's specialized area of knowledge. Plaintiff has established the methodology behind Karnes's opinion by citation to publications relied on by Karnes and teaching materials Karnes uses in a college-level class (see ECF Nos. 73-2, 73-9, 73-11, and 73-12). Karnes applied this methodology to the facts of this case by reviewing the allegations in the Complaint, an investigative

report, photographs taken of the Power Roller, and documents produced by Lyon, and by engaging in two telephone conversations with Plaintiff. (Plaintiff's Response in Opposition to Defendant's Motion in Limine Regarding Edward Karnes ("Plaintiffs' Response"), ECF No. 73, p. 12). The Court finds the conclusions set forth in Karnes's preliminary report and deposition are sufficiently reliable to assist the jury's determination of a disputed issue, and Defendant's assertions concerning flaws in Karnes's methodology or underlying assumptions "are proper subjects for [Plaintiff's] own expert testimony and for thorough cross-examination before the trier of fact." Harrington, 2009 WL 701994 at *4; see also Lauzon, 270 F.3d at 695 ("It is far better where, in the mind of the district court, there exists a close case on relevancy of the expert testimony in light of the plaintiff's testimony to allow the expert opinion...."). Defendant's *Daubert* Motion in Limine Regarding Edward Karnes will therefore be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Daubert* Motion in Limine Regarding Edward Karnes (ECF No. 71) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for oral argument on Defendant's *Daubert* Motion in Limine Regarding Edward Karnes (ECF No. 71) is **DENIED** as moot.

Dated this   13th   day of June, 2012.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE